By the Court.—Truax, J.
The principal reason assigned to us why the complaint does not state facts sufficient to constitute a cause of action, is, that it does not allege that a demand was made by the receiver of taxes upon the president or other proper officer of the defendant, before the commencement of the action. The general method in which the taxes imposed upon *376 incorporated companies are to be collected, is prescribed by title 4, chap. 13, part 1, of the Revised. Statutes, Banks’ 6th ed., p. 979.
These provisions are modified in a slight degree by title 1, chap. 16, of the Consolidated City Act of 1882.
Section 1, of the act first above cited, provides that “ all moneyed or stock corporations deriving an income from their capital or otherwise, shall be liable to taxation on their capital in the manner hereinafter prescribed.”
Section 18 [17] provides that “the collector shall demand payment of all taxes assessed on incorporated companies from the president or other proper officer of such companies, and if not paid shall proceed in the collection and payment thereof in the same manner as in other cases.”
This provision became a part of the Consolidated City Act, and is section 848 thereof.
Now, the proceeding authorized by this title of the Revised Statutes, and by the title of the Consolidated Act above referred to, is, among other things, the collection of a tax which has been duly imposed upon an incorporated company, and which remains unpaid.
This section says that, before the collector—or in the city of New York the receiver—of taxes shall proceed in the collection of taxes, he shall make a demand upon the president or proper officer of the company taxed.
No such demand has been alleged in this case.
Where a statute requires a demand it is a condition precedent to the action, and the action itself is not a sufficient demand. Thompson v. Gardner, 10 Johns. 404; Downes v. Phœnix Bank, 6 Hill, 297.
Section 848, which requires the demand, is not repealed or modified by section 863.
Section 848 says, that the officer shall proceed in the collection of a tax, and then section 863 provides the manner in which the officer shall proceed in the col *377 lection of the tax, namely: “ He shall proceed in an action in any court of record in this state, and may recover the tax with interest and costs in such action.”
Since the plaintiff must amend in this particular point, there is no reason why he should not allege in his amended complaint that the defendant is a corporation deriving an income or profits from its capital or otherwise, and so avoid the other objections to the complaint raised by the defendant.
The judgment and order below are reversed, and the demurrer to the complaint is sustained with costs, and with leave to the plaintiff to amend the complaint on payment of such costs.
Dugko, J., concurred.